## GUNDERSHEIMER'S Inc. v. BAKERY & CONFECTIONERY WORKERS' INTERNATIONAL UNION OF AMERICA.

### No. 7608.

United States Court of Appeals for the District of Columbia.

Decided March 31, 1941.

Charles T. Clayton, of Washington, D. C. (Needham C. Turnage, of Washington, D. C., on the brief), for appellant.

Joseph A. Padway, of Washington, D. C. (Herbert S. Thatcher and John K. Keane, both of Washington, D. C., on the brief), for appellee.

Before GRONER, Chief Justice, and EDGERTON and RUTLEDGE, Associate Justices.

EDGERTON, Associate Justice.

Appellant, a corporation which operated a bakery in the District of Columbia, sued labor unions of bakers, drivers, and salesmen, their officers, and certain of their members. The complaint alleged a conspiracy in restraint of trade, in violation of

the Sherman Anti-Trust Act, and claimed treble damages.[1] The act charged was a strike at appellant's plant, to enforce a demand that appellant cease importing goods from Philadelphia for resale here. The complaint alleged that appellant's plant was closed, and remained closed, in consequence of the strike. Counsel for appellant, in his opening statement in the District Court, declared that appellees said to appellant "You can't buy cakes in Philadelphia, and you cannot make cakes in your own plant unless you will agree not to buy any cakes out of town * * * the reason being, they said, the wage scales in Philadelphia paid to men working in the plant there were lower than the scales paid to the men here."

▬ The District Court directed a verdict for appellees on appellant's opening statement. This was clearly right. "Restraints on competition or on the course of trade in the merchandising of articles moving in interstate commerce" do not violate the Sherman Act "unless the restraint is shown to have or is intended to have an effect upon prices in the market or otherwise to deprive purchasers or consumers of the advantages which they derive from free competition. * * * The restraint here * * * has not been shown to have any actual or intended effect on price or price competition."[2] Moreover, "The use of conventional, peaceful activities by a union" in an attempt to secure more jobs for its members is not a violation of the Sherman Act, "whatever effect on interstate commerce may be intended to follow from the acts done."[3]

Affirmed.

GRONER, Chief Justice, concurs in the result on the authority of the Apex and Hutcheson cases.

[1] 26 Stat. 209, 15 U.S.C.A. § 3, as amended by Section 4 of the Clayton Act, 38 Stat. 731, 15 U.S.C.A. § 15.

[2] Apex Hosiery Company v. Leader, 310 U.S. 469, 500, 501, 504, 60 S.Ct. 982, 996, 84 L.Ed. 1311, 128 A.L.R. 1044.

[3] United States v. Hutcheson, Feb. 3, 1941, 61 S.Ct. 463, 464, 470, 85 L.Ed. ——. The final quotation is from the concurring opinion of Mr. Justice Stone.